## ANGELINE LOWERY VS. J. G. GOODSON ET AL.

C. NEWTON, J., *ad hoc.* Where an intervention in a former suit, in which plaintiff in this suit claimed ownership of the cotton herein sued for, was dismissed on exception to some formality, and not tried upon its merits, the judgment in said suit is not *res adjudicata* against this one.

2. Where a married woman obtains a separation of property with a monied judgment against her husband, under which a tract of land is seized and sold at sheriff's sale, and bought in by the wife for the amount of previous mortgages resting thereon and holds the amount of her bid in her hands, she becomes bound for her husband's debts contrary to law and, therefore, the sale is an absolute nullity.

3. Where a wife, separated in property from her husband, works land belonging to another, in her own name, buying the team and furnishing supplies with her own means, the crop will belong to her, notwithstanding the fact that her husband assisted manually in raising and gathering the crop; he could do this as her agent.

4. Fifty dollars attorney's fees allowed plaintiff as damages growing out of the wrongful seizure and sale of her property.

## JOHN I. ADAMS & CO. VS. MILLSAPS & TROUSDALE.

MAYO, J. Act 17 of 1878, requiring Clerks of District Courts to record all pleadings, in order that such record may be supplied in place of the originals, in case of loss, is not exclusive of other modes of supplying lost pleadings. Where the entire record has been burned and the clerk has neglected to keep a record, the pleadings and all proceedings in the suit may be reinstated by rule, setting forth all said proceedings and citing the opposite party to show cause why the suit should not be reinstated. This method of supplying destroyed records, adopted by the District Judge, meets with our entire approbation.

2. Garnishees must answer interrogatories " fairly and fully," " clearly and categorically;" but where any obscurity as to the meaning of the answer arises from the form or wording of the questions, it is the fault of plaintiffs, which cannot be visited on the garnishees. Where neither the question nor the answer expressly fixes a date, the Court will construe that the answers relate to the period at which the interrogatories were served, at which date they took effect by law. If plaintiffs believed the answers false, they should have traversed them. 14 An. 374.